**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. ROBINSON and GAIL A. ROBINSON, | |
| Plaintiffs, | Civil Case No. 11-4078 (FSH) |
| v. | **OPINION & ORDER** |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | Date: July 23, 2014 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Warren Pumps LLC's ("Warren") motion for summary judgment (Dkt. No. 95). The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78;[1] and

it appearing that this matter was transferred to the Honorable Eduardo C. Robreno, U.S.D.J., in the Eastern District of Pennsylvania by order of the United States Judicial Panel on Multidistrict Litigation on September 7, 2011 (Dkt. No. 49); and

it appearing that Judge Robreno ruled on a summary judgment motion by Warren and found that there was "no evidence that any of [the asbestos] gaskets were manufactured or

---

[1] The Court does not consider the 20 pages of additional arguments Plaintiff attempts to "adopt by reference" in her papers. Any arguments not explicitly raised in Plaintiff's brief are deemed waived. *See*, *e.g.*, *Gladysiewski v. Allegheny Energy Serv. Corp.*, 282 F. App'x 979, 981 (3d Cir. 2008).

supplied by Warren," (MDL-875, E.D. Pa. Civil Action No. 11-67687, Dkt. No. 196 dated February 7, 2013 at 8); and

it appearing that Judge Robreno also found that "no reasonable jury could conclude from the evidence that Decedent was exposed to asbestos from gaskets supplied by Defendant Warren such that it was a substantial factor in the development of his illness," (*id.*); and

it appearing that Judge Robreno found that Warren could only potentially face liability if New Jersey law "holds Defendant liable for alleged exposure to asbestos arising from gaskets that were used with Warren pumps but were not manufactured or supplied by Warren, such as replacement gaskets. In other words, Warren only faces potential liability in this action if New Jersey law does not recognize the so-called 'bare metal defense,'" (*id.*); and

it appearing that at the time Judge Robreno issued his opinion, he found that New Jersey's appellate courts had not squarely addressed the question and granted Warren leave to refile its motion for summary judgment in this Court to answer this narrow question of law[2] (*id.* at 8-9); and

it appearing that Judge Robreno made similar findings with respect to Warren's pump packing and insulation, (*id.* at 9-10); and

it appearing that after remand to this Court, Warren filed a motion for summary judgment on this narrow legal issue (Dkt. No. 95); and

it appearing that the Superior Court of New Jersey, Appellate Division has recently recognized the so-called "bare metal" defense, *see Hughes v. A.W. Chesterton Co.*, 435 N.J.

---

[2] As Judge Robreno noted, Warren and Plaintiff agreed that New Jersey law applied to this issue. The Court need not address any choice of law issues at this time as the choice of New Jersey law is law of the case for these parties on this particular issue. (MDL-875, E.D. Pa. Civil Action No. 11-67687, Dkt. No. 196 dated February 7, 2013 at 2.) In any event, these two parties waived the application of any other law with respect to this narrow issue.

Super. 326, 345-46 (N.J. Super. Ct. App. Div. 2014) ("We have required that plaintiffs present proof the injured party has had such exposure to specific products manufactured or sold by the defendant. . . . We do not agree that plaintiffs may prove causation by showing exposure to a product without also showing exposure to an injury-producing element in the product that was manufactured or sold by defendant."); and

for all the reasons stated in Judge Robreno's summary judgment decision, Warren's motion (Dkt. No. 95), and the reasons stated by the Appellate Division in *Hughes*;[3]

**IT IS** on this 23rd day of July, 2014,

**ORDERED** that Warren's motion for summary judgment (Dkt. No. 95) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Warren are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[3] In the absence of clear precedent from the New Jersey Supreme Court on this issue, the Court must predict how the state's highest court would resolve the issue. *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 244 (3d Cir. 2010). "Furthermore, in the absence of direct authority from the New Jersey Supreme Court, we may treat as persuasive authority decisions of the Appellate Division of the Superior Court of New Jersey." *Id*.  Finally, "where two competing yet sensible interpretations of state law exist, we should opt for the interpretation that restricts liability, rather than expands it, until the Supreme Court of [New Jersey] decides differently." *Id*. at 253 (internal quotation marks omitted).