**NOT FOR PUBLICATION**                                                                    **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM J. ROBINSON and GAIL A. ROBINSON, | : <br> : <br> : |
| Plaintiffs, | : Civil Case No. 11-4078 (FSH) <br> : |
| v. | : **OPINION & ORDER** <br> : |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | : Date: July 28, 2014 <br> : |
| Defendants. | : <br> : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendants Flowserve's, General Electric's, Goulds Pumps', and Tata Chemical's motion to transfer to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404(a).[1]  (Dkt. Nos. 96 & 97.)  The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

**I.   BACKGROUND**

This matter arises out of Plaintiff Robinson's exposure to asbestos, his contraction of mesothelioma, and his eventual death.  Plaintiffs allege that Mr. Robinson was exposed to asbestos while working at a soda ash factory in Wyoming, a job he held for close to 30 years. Plaintiff sued a number of parties connected to this factory, including the factory's current owner

---

[1] The Honorable Eduardo C. Robreno, U.S.D.J., did not reach the issue of § 1404(a) transfer when he ruled on Flowserve's motion to dismiss based on improper venue when this matter was in the MDL court.  *See* MDL-875, E.D. Pa. Civil Action No. 11-67687, Dkt. No. 187 dated January 24, 2013 at 2 (After finding that venue was proper in New Jersey, stating "[h]aving decided the motion on these grounds, the Court need not reach the other arguments made by Defendants or Plaintiff in their respective briefs.").  At that time, Flowserve had raised transfer as an alternative argument in its motion to dismiss.

and several equipment suppliers. Only a handful of defendants remain: Flowserve, Goulds Pumps, Tata Chemical, and General Electric.[2] All four remaining defendants favor transfer to Wyoming.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citations omitted). A decision to transfer an action under this provision rests within the sound discretion of the District Court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

On a motion to transfer pursuant to § 1404(a), the District Court must undertake a "flexible and individualized analysis," balancing the factors set forth in the statute as well as a number of other case specific factors. Courts in the Third Circuit apply the public and private interest factors outlined in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The private factors are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the witnesses, but only to the extent they may be unavailable in one of the fora; (5) the convenience of parties; (6) the location of books and records; and the public factors are: (7) the enforceability of any judgment; (8) any practical considerations making trial easy, expeditious or inexpensive; (9) relative administrative difficulty resulting from court congestion; (10) the local interest in deciding local controversies

---

[2] The Court recently dismissed the remaining claims against Warren Pumps. Although no final dismissal has been filed on the docket, Defendant Gardner Denver and Plaintiffs recently reached a settlement in principle.

at home; (11) the public policies of the fora; and (12) the trial judge's familiarity with applicable state law. *Id*. The analysis, however, should not be limited to these factors, and factors may have different relevance in particular cases. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988). A court's decision to transfer should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

A plaintiff's choice of venue is not to be "lightly disturbed," and the moving party has the burden of establishing that the proposed transferee forum is proper and that a balancing of the relevant considerations weighs in favor of transfer. *Id*.

## III. DISCUSSION

### a. The Private Factors

First, the Court examines *Jumara's* private factors. Plaintiff clearly prefers to litigate in New Jersey.[3] It is also clear that Defendants prefer to litigate in Wyoming. The third *Jumara* factor addresses where the claims arose. Here, the claims clearly arose from Plaintiff's job in Wyoming. The next factors are the convenience of the parties and the witnesses.[4] Based on the

---

[3] Of course, the degree of deference afforded to a plaintiff's choice of forum is reduced when the forum has little connection with the dispute. *See, e.g., Gentry v. Leading Edge Recovery Solutions, LLC*, Civ. No. 13-3398, 2014 WL 131811, at *5 (D.N.J. Jan. 10, 2014); *Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC*, Civ. No. 05-2309, 2006 WL 1675067, at *3 (D.N.J. June 15, 2006). New Jersey has no apparent connection to this dispute, and, thus, Plaintiff's preference is entitled to less weight.

[4] Plaintiff argues that the location of counsel and the various experts favors keeping the matter in New Jersey. However, the convenience of the witnesses (including expert witnesses) is only relevant to the extent the witness is unavailable in the relevant forums. *Jumara*, 55 F.3d at 879 ("the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"). Here, it is clear that all of the retained experts will be available in either forum. Moreover, not a single expert is from the District of New Jersey. (*See* Dkt. No. 101 at 4-5 (listing the experts as coming from New York, Maryland, Georgia, Connecticut, and Florida).) It appears that no witnesses, expert or otherwise, will be from New Jersey. The Court also notes that convenience of counsel is not a consideration in the analysis.

parties remaining in this matter, there will be witnesses that are in Wyoming—*e.g.*, Mrs. Robinson—and several appear to be outside of the subpoena power of this Court. The convenience of the parties also weighs in favor of transfer to Wyoming. It would be more convenient for Plaintiff to litigate in Wyoming because Mrs. Robinson is based there. In addition, as noted by Plaintiff's counsel in various letters to this Court, it is difficult for Mrs. Robinson to travel given her age, her health, and her family obligations. The parties agree that the location of books and records does not impact this case.

Here, four of six private factors favor transfer, one factor favors not transferring, and one factor is neutral.

### b. The Public Factors

Next, the Court examines *Jumara's* public factors. First, it does not appear that there are any enforceability problems with a judgment in either Wyoming or New Jersey. The second factor asks the Court to consider if there are any practical considerations making trial easy, expeditious, or inexpensive. In this case, the District of Wyoming is much closer to the key witnesses and parties who will have to testify at trial. The next factor asks the Court to consider litigation congestion. It appears that the District of Wyoming is less congested than the District of New Jersey with respect to caseload per judge. (*See* Dkt. No. 96 at 4 (noting that the District of New Jersey has 546 weighted filings per judge while the District of Wyoming has 216 weighted filings per judge).)

Next the Court considers the local interests in deciding local controversies at home and the public policies of the fora. These are significant factors for this case. Based on the

---

*See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."). In addition, Plaintiff's counsel can be admitted *pro hac vice* in the District of Wyoming, limiting any possible prejudice to Plaintiff.

allegations, Wyoming has a substantial interest in the outcome of cases involving asbestos exposure that occurred in Wyoming. This matter involves a Wyoming resident exposed to asbestos in Wyoming and, thus, should be decided in Wyoming.

Finally, the Court should consider the trial judge's familiarity with the applicable state law. While the Court need not decide which state's law applies to this dispute, it appears likely that Wyoming law would apply to this dispute. However, because the Court does not decide this issue, this factor is neutral. Four of the public factors favor transfer and two are neutral.

The vast majority of factors favor transfer. After careful consideration, this Court finds that transfer to the District of Wyoming would be in the interest of justice and for the convenience of the parties and witnesses.[5]

## IV.   CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 28th day of July, 2014,

**ORDERED** that Defendants' motion regarding transfer (Dkt. Nos. 96 & 97) is **GRANTED**; and it is further

**ORDERED** that this matter be **TRANSFERRED** to the United States District Court for the District of Wyoming under 28 U.S.C. § 1404(a); and it is further

**ORDERED** that the Clerk of the Court **CLOSE** this case.

---

[5] Plaintiff argues that Defendants have not shown that there is personal jurisdiction over the parties in Wyoming. (Dkt. No. 101 at 3, n.3) However, Defendants have stipulated to personal jurisdiction in Wyoming and have, therefore, met their burden of showing personal jurisdiction over the parties. In addition, there is no doubt that venue would be proper in Wyoming as all of the underlying events took place in Wyoming, and all of the remaining Defendants consent to personal jurisdiction in Wyoming. *See* 28 U.S.C. §§ 1391(b), 1391(c)(2).

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**